IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE

Assigned on Briefs December 15, 2004

## MICHAEL BRAXTON v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Davidson County**
**No. 97-B-1350     Steve Dozier, Judge**

_____

**No. M2004-00791-CCA-R3-PC - Filed May 31, 2005**

_____

The petitioner, Michael Braxton, was convicted by a jury in the Davidson County Criminal Court of aggravated rape and aggravated assault.  He received a total effective sentence of twenty-three years incarceration in the Tennessee Department of Correction.  Subsequently, the petitioner filed a petition for post-conviction relief, which petition the post-conviction court summarily dismissed as being untimely.  The petitioner appeals the dismissal, arguing that his petition was not barred by the statute of limitations.  Upon our review of the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand for a hearing on the timeliness of the petitioner's petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which JERRY L. SMITH and JOHN EVERETT WILLIAMS, JJ., joined.

Michael Braxton, Only, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; and Pamela Anderson, Assistant District Attorney General, for the appellee, State of Tennessee

**OPINION**

**I. Factual Background**

On March 24, 1998, the petitioner was convicted of aggravated rape and aggravated assault. The petitioner, then represented by counsel, filed a timely notice of appeal.  This court affirmed the convictions on direct appeal.  See State v. Michael Braxton, No. M1998-00255-CCA-R3-CD, 1999 WL 1072866, at *1 (Tenn. Crim. App. at Nashville, Nov. 29, 1999).  On January 28, 2000, the

petitioner, proceeding pro se, filed an application for permission to appeal to our supreme court. On June 26, 2000, our supreme court denied permission to appeal.

On February 14, 2003, the petitioner sent a letter by certified mail to the supreme court clerk inquiring about the status of his application for permission to appeal. A copy of this letter was apparently forwarded to the petitioner's trial counsel by the supreme court clerk. On March 3, 2003, the petitioner's trial counsel sent the petitioner a letter. Therein, trial counsel explained:

> I have checked my file. It appears that I did receive a copy of the Supreme Court's Order dated June 26, 2000. I am enclosing a copy of that also. . . . My file does not include any letter from me to you regarding this Order. I have concluded that, since I was not representing you in connection with your Application for Permission to Appeal to the Supreme Court, I did not send you a copy of the Order. Frankly, while I cannot remember exactly what I thought at the time, I believe that I must have assumed that the Court would send you a copy of the Order since you filed the Application pro se.

Thereafter, on February 24, 2004, the petitioner filed three separate documents in the Davidson County Criminal Court. First, the petitioner filed a "Motion to Amend Judgment of Conviction," wherein the petitioner requested pretrial jail credits.[1] Second, the petitioner filed a "Motion to Toll the One (1) Year Statute of Limitation of the State Post Conviction Statute." In this motion, the petitioner alleged that following this court's opinion on his direct appeal, he filed a pro se application for permission to appeal to the supreme court. He further alleged that the supreme court clerk failed to notify him that his application had been denied. The petitioner contended that although his trial counsel had properly withdrawn following this court's opinion, notice was sent by the supreme court clerk to his former trial counsel, not to the petitioner. Counsel did not provide the petitioner notice of the denial of his application for permission to appeal. Accordingly, the petitioner argued that due to his failure to receive notice of the denial of his application for permission to appeal, he did not timely file his petition for post-conviction relief. Finally, the petitioner filed a petition for post-conviction relief, alleging numerous instances of ineffective assistance of counsel.

The post-conviction court summarily dismissed the petition without an evidentiary hearing, finding that the petition was untimely. The court discounted the petitioner's claim that he had not received notice of the supreme court's denial of his application for permission to appeal. The post-conviction court noted, "The Court's records indicate that the mandate from the Supreme Court was sent to the Tennessee Department of Corrections. . . . Therefore, the Court is of the opinion that the petition should be overruled and dismissed without a hearing." The petitioner now appeals this ruling.

## II. Analysis

---

[1] This motion has no bearing on the instant case.

-2-

We begin our analysis by noting that post-conviction "[r]elief under this part shall be granted when the conviction or sentence is void or voidable because of the abridgment of any right guaranteed by the Constitution of Tennessee or the Constitution of the United States." Tenn. Code Ann. § 40-30-103 (2003). The Post-Conviction Procedure Act provides that

> a person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest state appellate court to which an appeal is taken . . . or consideration of such petition shall be barred. . . . Time is of the essence of the right to file a petition for post-conviction relief . . . and the one-year limitations period is an element of the right to file such an action and is a condition upon its exercise. Except as specifically provided in subsections (b) and (c), the right to file a petition for post-conviction relief . . . shall be extinguished upon the expiration of the limitations period.

Tenn. Code Ann. § 40-30-102(a) (2003).

However, Tennessee courts "have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant a reasonable opportunity to bring a post-conviction claim and thus, would violate due process." Williams v. State, 44 S.W.3d 464, 468 (Tenn. 2001). Notably, our supreme court has "emphasized that a post-conviction petitioner should not be denied a reasonable opportunity to raise a claim due to another's misconduct." Sample v. State, 82 S.W.3d 267, 277 (Tenn. 2002); see also Williams, 44 S.W.3d at 468.

We find that the factual scenario in the instant case is analogous to that presented in Williams. In Williams, the petitioner filed a petition for post-conviction relief nine months after the statute of limitations had expired, alleging that counsel failed to notify him of his intent to withdraw after the petitioner's convictions were affirmed on direct appeal by this court. 44 S.W.3d at 466 n.4. Additionally, counsel failed to file an application for permission to appeal to the Tennessee Supreme Court. Id. Our supreme court reversed the dismissal of the petition and granted the petitioner an evidentiary hearing, noting that "the record indicates that [the petitioner] might have been denied the opportunity to challenge his conviction in a timely manner through no fault of his own but because of the possible misrepresentation of his counsel." Id. at 468. The court stated, "If a defendant erroneously believes that counsel is continuing to represent him or her, then the defendant is essentially precluded from pursuing certain remedies independently." Id. at 469.

In this case, the petitioner contends that the supreme court clerk's office failed to provide notice as to when his application for permission to appeal to the supreme court had been denied. Thus, he alleges that through no fault of his own, he was unaware of the date that his direct appeal had concluded and the statute of limitation to file a post-conviction petition began to run. Id. at 469 (stating that "the Post Conviction Procedure Act clearly contemplates that a post-conviction petition is appropriately filed only after the direct appeal process had concluded"); see also Eric Wright v.

State, No. W2001-00386-CCA-R3-PC, 2001 WL 1690194, at *2 (Tenn. Crim. App. at Jackson, Dec. 17, 2001). Importantly, we can find no evidence in the record before us to support the post-conviction court's finding "that the mandate from the Supreme Court was sent to the Tennessee Department of Corrections." Regardless, even if notice of the mandate had been sent to the Tennessee Department of Correction, such would not constitute evidence that the petitioner received notice. Therefore, we are constrained to reverse the post-conviction court's summary denial of the petition and remand for appointment of counsel and for an evidentiary hearing "to determine (1) whether due process tolled the statute of limitations so as to give the [petitioner] a reasonable opportunity after the expiration of the limitations period to present his claim in a meaningful time and manner; and (2) if so, whether the [petitioner's] filing of the post-conviction petition in [February 2004] was within the reasonable opportunity afforded by the due process tolling." Williams, 44 S.W.3d at 471.

### III. Conclusion

Accordingly, we reverse the post-conviction court's dismissal of the petitioner's claim and remand for further proceedings consistent with this opinion.

_____
NORMA McGEE OGLE, JUDGE

-4-